Lin Li v Rong Lin (2020 NY Slip Op 07709)





Lin Li v Rong Lin


2020 NY Slip Op 07709


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Friedman, J.P., Renwick, Singh, Kennedy, Shulman, JJ. 


Index No. 307959/15 Appeal No. 12703 12703A Case No. 2019-4625 

[*1]Lin Li, Plaintiff-Respondent,
v
Rong Lin, Defendant-Appellant.


Law Office of Zhen Liang Li, New York (Zhen Liang Li of counsel), for appellant.
Wu Law Group, P.C., Flushing (Louisa Wu of counsel), for respondent.



Order, Supreme Court, New York County (Laura E. Drager, J.), entered February 20, 2019, which, to the extent appealed from as limited by the briefs, granted plaintiff husband a credit of $200,000 for amounts he paid for the down payment and the mortgage on the parties' marital residence and a credit of $937 for the monthly carrying costs on the residence after December 2013, unanimously modified, on the facts, to reduce the credit for the carrying costs by $650 per month, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered May 24, 2019, which granted plaintiff exclusive use and occupancy of the marital home, unanimously dismissed, without cost, as abandoned.
Equitable distribution in this action was limited to the marital residence, a two-family house with a basement apartment, purchased in 2009 for $620,000 with a down payment of approximately $220,000. In December 2013, plaintiff, the parties' child, and plaintiff's parents vacated the marital home, leaving defendant wife to reside alone in the first-floor apartment. At that time, the second-floor and basement apartments were rented for $1,350 and $650 per month, respectively.
After a hearing, the referee credited plaintiff's testimony about the sources of funds for the down payment and found that defendant was not credible, and recommended that plaintiff be awarded the first $200,000 from the proceeds of the sale of the home, with the remainder to be divided equally between the parties. In addition to adopting that recommendation, Supreme Court awarded plaintiff a credit for his payment of the monthly carrying charges on the marital home after December 2013.
Defendant failed to articulate a reason to disturb the referee's credibility determinations, which served as the basis for awarding plaintiff the $200,000 credit. However, we agree with her argument that, in calculating plaintiff's credit for monthly carrying costs, the court should have deducted the rent proceeds from the basement apartment of the marital residence ($650) from the monthly credit ($937) given to the husband to compensate him for her use of the property during the divorce proceedings. There is no reason for deducting one but not the other. Nor does the record establish the amounts of any of the other expenses that plaintiff contends should be included in the calculation of this credit. Accordingly, we reduce the credit to plaintiff for carrying costs by $650 per month.
Defendant does not make any arguments about the May 24, 2019 order, granting the husband exclusive use and occupancy of the marital home.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020